UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-315 (PLF) |
| v. | : | **FILED** |
| JAMAR ROBERTS | : | NOV 2 9 2005 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSE:

  A.  The essential elements of the offense of Unlawful Transfer of a Firearm, in violation of 18 U.S.C. § 922(a)(5) are:

   1. That the defendant is not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms;

   2. That the defendant transferred, sold, traded, gave, transported, or delivered a firearm to a person who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms;

   3. That the defendant knew or had reasonable cause to believe that the recipient of the firearm did not reside in the state in which the defendant resided.

II.  COPY OF THE PLEA AGREEMENT:

  A copy of the plea agreement, not yet executed by the defendant, is attached.

1

III.  PENALTIES:

    A.    Pursuant to 18 United States Code §922 and § 924, Count One carries a maximum sentence of 5years imprisonment, a $250,000 fine and up to three years of supervised release.

IV.  FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On January 29, 2004, Jamar Roberts, a resident of the state of Virginia, purchased a 9 mm Hi-point C9 semi-automatic handgun, serial number P175936, from a pawnshop in Fredericksburg, Virginia. In February or March of 2004, the defendant drove to the area of Bladensburg Road and South Dakota Avenue, in Washington, DC, and began asking people on the side of the road if they wanted to buy a gun. The defendant sold the 9 mm Hi-point C9 to a man named "Polo" for $300. Polo told the defendant that if he had additional firearms to sell, the defendant should come find Polo. At the time the defendant sold the Hi-point C9 to Polo, the defendant was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms. Furthermore, the defendant knew, or had reasonable cause to believe that Polo did not live in Virginia. At the time of the sale, the Hi-point C9 was operable, and the

defendant did not have a license to carry a firearm in Washington, DC.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 7th day of November, 2005.

_____
Catherine Connelly
Assistant United States Attorney