# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

JAMAR ROBERTS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 05-315 (PLF)

David W. Bos, Esquire
Defendant's Attorney

**FILED**

FEB 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 of the Indictment on November 29, 2005.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC 922(a)(5) | Illegal Transfer and/or Sale of a Firearm | February, 2005 | 1 |

As pronounced on February 27, 2006, the defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 27ᵗ day of _Jrbrmy_, 2006.

The Honorable Paul L. Friedman
United States District Court Judge

Defendant's Soc. Sec. No.: XXX-XX-0769
Defendant's Date of Birth: XX-XX-81
Defendant's USM No.: Unknown
Defendant's Residence and Mailing Address:

Defendant: JAMAR ROBERTS
Case Number: CR 05-315 (PLF)

## PROBATION

The Defendant is hereby placed on probation for a term of THREE (3) years on Count 1 of the Indictment. SIX (6) months shall be served in home detention in the Electronic Monitoring Program commencing within THIRTY (30) days. During this time, the defendant shall remain at his place of residence, except for employment, church or other activities approved in advance by the Probation Office. The defendant shall maintain a telephone at his place of residence without any special features, modems, answering machines or cordless telephones, during the term of electronic monitoring. The defendant shall wear an electronic device, and shall observe the rules specified by the Probation Office. The defendant shall pay for the electronic monitoring service at a cost not to exceed FIVE DOLLARS ($5.00) a day. While in the electronic monitoring program, the defendant shall not leave the judicial district unless authorized to do so by the Probation Office. The Probation Office shall be permitted to contact the defendant's employer while in the electronic monitoring program.

While on probation, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.    If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervision that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervision.

## STANDARD CONDITIONS OF PROBATION

1.   You will not leave the judicial district without permission of the Court or probation officer.
2.   You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3.   You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4.   You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5.   You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.   You will notify the probation officer at least ten days prior to any change of residence or employment.
7.   You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8.   You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9.   You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10.  You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11.  You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12.  As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13.  You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

The Court finds that the defendant does not have the ability to pay a fine, or costs of supervision.

The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

Pursuant to 42 USC 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information at the direction of the Bureau of Prisons or the United States Probation Office.

The defendant shall advise the Probation Office of any change of employment or address.

Defendant: JAMAR ROBERTS                                               Judgment - Page 3 of 3
Case Number: CR 05-315 (PLF)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

## ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count 1 of the Indictment, which shall be due immediately.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.